UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DUANE LABA, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 14 C 4091 |
| | ) | |
| CHICAGO TRANSIT AUTHORITY, | ) | |
| a municipal corporation and UNKNOWN | ) | |
| CHICAGO TRANSIT AUTHORITY | ) | |
| EMPLOYEES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion of Defendant Chicago Transit Authority ("CTA") to dismiss the amended complaint brought by Plaintiffs Duane Laba, Duffy McCann ("McCann"), Julia Berkowitz, Steve Affarano and Robert Schak (collectively "Plaintiffs") pursuant to Federal Rule of Civil Procedures 12(b)(6). In response to CTA's motion to dismiss, Plaintiffs filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. For the reasons set forth below, CTA's motion to dismiss is granted. Plaintiffs' motion for sanctions is denied. Plaintiffs are given thirty days from the entry of this opinion to refile their amended complaint.

1

**BACKGROUND**

For the purposes of the instant motion, the following well-pleaded allegations derived from Plaintiffs' first amended complaint are accepted as true. The Court draws all reasonable inferences in favor of Plaintiffs. Plaintiffs are Illinois residents and prior to October 2013, they worked as electricians for CTA at the Harlem and Lake Green Line CTA station ("Harlem Yard") in Forest Park, Illinois. CTA is a municipal corporation with its principal place of business located at 567 West Lake Street in Chicago, Illinois. The unnamed individual defendants (the "Individual Defendants") were also employees of CTA. During the course of their employment at Harlem Yard, Plaintiffs used a room entitled 'Electrical Room' (the "Electrical Room") where Plaintiffs stored their personal belongings in lockers and changed their clothes. In addition to three lockers, the Electrical Room also had a computer and a desk in it. Plaintiffs allege that the Individual Defendants were aware that Plaintiffs changed their clothes in the Electrical Room because Plaintiffs received explicit permission to do so by certain Individual Defendants.

Prior to September 2013, an "investigation team" (the "Investigation Team") was assembled and included the Individual Defendants that served as supervisory employees of CTA. The Investigation Team requested a key from CTA, which was tendered, and they entered the Electrical Room. The Individual Defendants then installed a video camera in the Electrical Room. The video camera was not visible to people using the Electrical Room and Plaintiffs were never informed that it was

installed. Plaintiffs did not consent to the recordings and no warrant was obtained to record them. Plaintiffs submit that there was no probable cause for CTA or the Individual Defendants to believe that Plaintiffs were engaged in criminal activity. From at least September 2013 into October 2013, four of the five Plaintiffs[1] were videotaped changing their clothes in the Electrical Room. As a result of the footage seen by the Individual Defendants, Plaintiffs were terminated for "theft/stealing of company time." Plaintiffs also allege that the Individual Defendants conspired to violate 720 ILCS 5/26/4(a), which constitutes a felony in Illinois, by knowingly videotaping Plaintiffs in the Electrical Room without their consent. Plaintiffs also state that CTA, through the Individual Defendants, had a duty not to deprive Plaintiffs of their rights under the laws of the State of Illinois and the United States Constitution, but that CTA breached this duty and violated their Fourth Amendment "Right to Privacy."

On July 24, 2014, Plaintiffs filed a four-count amended complaint alleging that: (i) CTA, through the actions of the Individual Defendants, violated Plaintiffs' state law right of privacy (Count I); (ii) the Individual Defendants violated Plaintiffs' Fourth Amendment right to privacy under the United States Constitution (Count II); (iii) CTA is required to pay any judgment against the Individual Defendants pursuant to state law indemnification principles under Section 9-102 of the Local Government and Governmental Employees Tort Immunity Act (Count III); and CTA, as principal,

---

[1] Plaintiffs do not allege that McCann was videotaped changing his clothes in the Electrical Room.

is liable for the actions of its agents, the Individual Defendants, under the doctrine of *respondeat superior* for the state law violations (Count IV). Plaintiffs ask this Court to enter judgment against the Individual Defendants for Counts I and II and against CTA for Counts III and IV, including attorneys' fees, costs and any other appropriate relief. On August 25, 2014, CTA moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On September 23, 2014, Plaintiffs filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11 against CTA for submitting a "baseless" motion to dismiss.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint and not the merits of the case. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations but must provide enough factual support to raise her right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must allow the court to draw the reasonable inference that the defendant is liable for the purported misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claims must be described "in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *EEOC v. Concentra Health Services*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting

*Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss under Rule 12(b)(6). *Id.* at 678.

## DISCUSSION

### I. Motion to Dismiss

#### A. Federal Claim (Count II)

Under Count II, Plaintiffs assert their federal claim—that the Individual Defendants were acting as governmental actors, under the color of law, and violated Plaintiffs' Fourth Amendment right to privacy under the United States Constitution. Plaintiffs also re-allege paragraphs 1-81 in Count II as support for their federal claim. After thoroughly reading the amended complaint, the Court has uncovered several fatal issues with how Plaintiffs presently assert their federal cause of action. These pleading deficiencies, collectively, require the Court to dismiss Count II.

The overarching issue with Plaintiffs' amended complaint is that it fails to specifically notify the defendants, and consequently the Court, of the exact federal claim that Plaintiffs attempt to plead. First, when the Court isolates the allegations of Count II, it is unclear if Plaintiffs are bringing a federal claim under 42 U.S.C. § 1983 ("Section 1983") or a standalone Fourth Amendment claim. The Court acknowledges that Plaintiffs reference that "the federal claims are brought under 42 U.S.C. § 1983" in the jurisdictional section of their amended complaint, but it is also true that Section

1983 is never cited again. Any mention of Section 1983 is most notably absent in the allegations listed under Count II. Section 1983 is not an independent source of tort liability, it creates a cause of action for "the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and law of the United States." *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (internal citation omitted). As explained in *Ledford*, since Section 1983 cannot stand alone, it needs to be paired with a constitutional violation. How Plaintiffs elected to structure their amended complaint, physically separating Section 1983 in the jurisdictional section from the allegations of a Fourth Amendment violation in Count II, does not create a harmonious federal cause of action under Section 1983 for the Court to consider. This alone is not enough for the Court to dismiss Plaintiffs' federal claim, but it is this deficiency along with others described below that render a dismissal of Count II.

Additionally, Plaintiffs' threadbare recitation of the elements of a Section 1983 cause of action, including "[t]he actions of the INDIVIDUAL DEFENDANTS were actions of a *governmental actor*, *under color of law*, and proximately *caused a violation of the Fourth Amendment*. . ." are insufficient to withstand a motion to dismiss under Rule 12(b)(6) (emphasis added). For instance, without specific details as to how the Individual Defendants were acting under the color of law when they allegedly videotaped Plaintiffs without their consent, these allegations remain conclusory. Plaintiffs may argue that these specificity issues are adequately resolved

6

because they incorporate the fact-intensive allegations from paragraphs 1-81 of the amended complaint into Count II, such as paragraph 7 which states, ". . . [t]he INDIVIDUAL DEFENDANTS, are being sued in their individual capacity, *acted as governmental actors and in the scope of their employment and under color of law* at all relevant times," however this is not enough.  By blankly re-alleging paragraphs 1-81, Plaintiffs not only fail to clarify the germane issue of how the Individual Defendants acted as state actors under the color of law, but they actually muddle their federal cause of action even more.  In Count II, Plaintiffs request relief only from the Individual Defendants.  However, by incorporating paragraphs 1-81, Plaintiffs cause confusion as to which defendant they are naming as the wrongdoer in Count II.  This is illustrated by the inclusion of paragraph 81, which states that *CTA* violated Plaintiffs' Fourth Amendment rights of privacy.  It is wholly unclear as to whether the federal claim applies to the Individual Defendants, CTA, or both.

    In their response to the instant motion to dismiss, Plaintiffs adamantly contend that they are only asserting a Section 1983 right of privacy claim against the Individual Defendants as state actors.  If this is true, and Plaintiffs desire only to plead the federal cause of action against the Individual Defendants, they must correct the pleading deficiencies in their amended complaint and provide more detail that would sufficiently put the defendants on notice of the federal claim and which defendant it is being asserted against.  If Plaintiffs want to bring a federal cause of action under Section 1983 against both the Individual Defendants and CTA, *Monell v. Dep't of*

7

*Soc. Servs. of City of New York*, 436 U.S. 658 (1978) is applicable. Together, these pleading errors have prevented Plaintiffs from properly asserting a sound federal cause of action because they fail to provide the defendants with, amongst other things, fair notice of a facially plausible federal cause of action and the grounds upon which that federal claim rests. Count II is hereby dismissed.

### B. Legal Sufficiency of the State Law Claims (Counts I, III, IV)

With respect to Plaintiffs' state law claims, they are also legally insufficient to survive the instant motion to dismiss. Again, Plaintiffs incorporate paragraphs 1-81 in Count I, which causes subsequent confusion as to the grounds for their state law claim and to which defendant they request relief. CTA is named as a defendant in this count, but the relief for judgment is only against the Individual Defendants.

As for a right of privacy claim under state law, Plaintiffs fail to allege a recognized state law cause of action. To illustrate, Illinois identifies liability for invasion of privacy of "one who intentionally intrudes … upon the solitude [of another]…if the intrusion would be highly offensive to the reasonable person" as one of the four torts found under the umbrella of the "right to privacy." *Lawlor v. North American Corp. of Illinois*, 983 N.E.2d 414, 424 (Ill. 2012) (quoting RESTATEMENT (SECOND) OF TORTS § 652B (1977)). Indeed, Plaintiffs allude to the tort established in *Lawlor* in the allegations under Count I, and insist that this is the basis for their state law claim in the response to the motion to dismiss. However, by incorporating

paragraphs 1-81, Plaintiffs make legal reference to 720 ILCS 5/26-4(a), which outlaws the unauthorized videotaping of another in a locker room or changing room. Plaintiffs concede that this Illinois statute does not provide a private cause of action, and contend that the reason they included the criminal statute in the amended complaint is to show that the conduct alleged to have occurred by the Individual Defendants and CTA is considered a felony in Illinois. The Court finds this argument unavailing. By incorporating paragraphs 1-81, it is unclear as to whether the legal basis for Plaintiffs' state law right of privacy claim is the criminal statute or the tort of intrusion upon seclusion as outlined in *Lawlor*. If the state law cause of action is truly intrusion upon seclusion as Plaintiffs so state in their response to the motion to dismiss, this should be apparent in their amended complaint. If it is another legal basis, Plaintiffs should so state. For these reasons, the Court refuses to allow this state law claim for right of privacy alleged in the amended complaint to survive dismissal.

In Counts III and IV, Plaintiffs allege that CTA is liable for the tortious acts committed by the Individual Defendants through Illinois indemnification law and under a theory of *respondeat superior*. CTA asserts that these claims should be dismissed because they are not independent causes of action as a matter of Illinois state law. *See McGreal v. AT&T Corp.*, 892 F.Supp.2d 996, 1018 (N.D. Ill. 2012) ("[b]oth the indemnification and the *respondeat superior* claims are dependent on the state law tort claims. . . because [Plaintiffs] failed to allege sufficient facts to make out. . . [their] state tort actions against municipal employees, there is no wrongdoing

to indemnify."). In the instant matter, because Counts III and IV are completely dependent on whether Count I survives, and this Court has held that Count I is deficient, Counts III and IV are dismissed.

**II. Motion for Sanctions**

Plaintiffs filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11 against CTA for submitting a "baseless" motion to dismiss. Rule 11 provides that by presenting a pleading to the court, an attorney is representing that the pleading "is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; . . . [and] the factual contentions have evidentiary support, or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(1) and (b)(3). If a party violates Rule 11 by "making arguments or filing claims that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose," the Court may impose an appropriate sanction after notice a reasonable opportunity to respond. *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998). A frivolous claim is "one that is 'baseless and made without a reasonable and competent inquiry.'" *Id.* (internal citations omitted).

This Court holds that the quick resort to a request for sanctions and the intemperate tone used in Plaintiffs' motion for sanctions are unworthy protocols for attorneys practicing in federal courts. Particularly is this so when directed to a motion

to dismiss that contains reasonable bases upon which the relief is requested. Plaintiffs' motion for sanctions is, accordingly, denied.

## CONCLUSION

For the foregoing reasons, the Court grants CTA's motion to dismiss. Plaintiffs' motion for sanctions is denied. Plaintiffs are given thirty days from the entry of this opinion to refile their amended complaint.

_____
Charles P. Kocoras
United States District Judge

Dated: 11/10/14